THE EDWARDSVILLE RAILROAD COMPANY

*v.*

SETH T. SAWYER.

92  377
66a 426
92  377
206 ⁵243

1.  PURCHASER AT SHERIFF'S SALE—*conveyance by him before sheriff's deed.* Where a purchaser of land at a sheriff's sale under execution conveys the land, even by quitclaim deed, after he is entitled to a deed from the sheriff, but before its execution, a deed executed by the sheriff subsequently to such conveyance by the purchaser will have relation back to and take effect from the time the purchaser was entitled to receive it, there being no rights of third persons to be injuriously affected thereby; so the grantee under the deed from the execution purchaser would take the same title he would if the sheriff's deed had been made prior to such conveyance.

2.  CONVEYANCE—*whether in fee or for life only—omission of words of inheritance.* Prior to the act of July 21, 1837, a conveyance of land simply to the grantee by name, without the word "heirs," would pass only a life estate.

3.  EXECUTION—*sale of reversionary interest—extinction of the intermediate estate.* Where the owner of land conveys the same in such manner as only to pass a life estate to his grantee, and the grantor's reversionary estate alone is levied upon and sold under execution, upon the death of the person holding the life estate the purchaser under the execution will become seized of the land in fee.

4.  PLEADING AND EVIDENCE—*in ejectment—defence under the general issue—when special plea required.* Under the plea of not guilty, in ejectment, the possession of the premises as they are described and defined in the declaration is, under the statute, admitted, and under the issue upon that plea it is only necessary for the plaintiff to prove title in himself at the time of the commencement of the suit, of the premises described in the declaration. To enable the defendant to raise the question as to the fact of his possession of all or any part of the premises, he must put that fact in issue by special plea.

5.  RAILROADS UPON PUBLIC HIGHWAYS—*power of those having control of public roads—ejectment by an individual.* The public authorities who have the superintendence and control of the public roads may authorize travel on them by the means of a railroad, and where a railroad company has constructed its road upon and along a public road, such use and possession is a matter between

the road authorities and the railroad company, and the right can not be questioned in an action of ejectment by the owner of the land over which the public road has been established.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. BURNETT, GILLESPIE & HAPPY, for the appellant:

The deed from Merrill to Caswell and Tuthill was only a quitclaim deed, not purporting to convey an estate in fee simple,—so the sheriff's deed, subsequently made to Merrill, Caswell and Tuthill, did not operate, in respect to Merrill's one-third interest, so as to inure to the benefit of his grantees. *Frink* v. *Darst*, 14 Ill. 308.

That being the case, the plaintiff will be unable to recover according to his claim.

Under a declaration in ejectment for the entire premises, an undivided interest less than the whole can not be recovered. *Murphy* v. *Orr*, 32 Ill. 489; *Demenger* v. *McConnell*, 41 id. 228; *Clark* v. *Thompson*, 47 id. 25; *Hardin* v. *Kirk*, 49 id. 153.

In ejectment, under our statute, a person can not recover unless he shows himself entitled to the possession at the time of the demise laid in the declaration. *Wood* v. *Morton*, 11 Ill. 547.

Under the circumstances of this case, we insist the rule of law to be, that before Sawyer was entitled to commence the suit it was necessary for him to give notice to the defendants to quit. *Chicago, Burlington and Quincy Railroad Co.* v. *Knox College*, 34 Ill. 195.

In respect to the deed from Thomas P. Clark to T. C. Clark, it is contended by appellee that it only conveyed a life estate, the word "heirs" not being used in the deed. It certainly was intended by the grantor that all his interest in the land should be conveyed by the deed; no lesser estate is reserved. The words are as follows: " I do sell and confirm unto the aforesaid T. C. Clark all my right, title, interest, claim or demand whatsoever to the above described lands, against myself, my

heirs, executors, administrators and assigns and all and every person whatsoever, and will forever warrant and defend the same." Words could not be used to show the intention of the parties better, that all the title was conveyed. The deed in this case was made July 15, 1837, acknowledged August 1, 1837, and recorded November 9, 1837. The act of July 21, 1837, changed the rule of the common law, and the question is whether this deed is controlled by that act.

Messrs. S. T. & R. S. SAWYER, for the appellee:

The deed to T. C. Clark did not bargain, sell and convey to him *and his heirs*. As the law was at the date of said deed, the bargainee only took a life estate, for the word *heirs* was necessary to create a fee. 2 Blackstone's Com. ch. 7, p. 104; Cruise's Digest, vol. 3, title "Deeds," ch. 21, sec. 1.

This was the law in this State until the act of July 21, 1837, (subsequent to the date of the deed,) changing the common law rule.

The sheriff's deed to Merrill subsequent to his conveyance, did inure to the benefit of his grantees. *Frisby* v. *Ballance*, 2 Gilm. 141. This case was not overruled by *Frink* v. *Darst*, 14 Ill. 304, as supposed by appellant. See also, *Jackson* v. *Fish*, 10 Johns. 456, and *Phelps* v. *Kellogg*, 15 Ill. 131.

A purchaser under execution may convey by deed, and the sheriff's deed subsequently executed to him will relate back, and inure to the benefit of his deed. *Chicago, Burlington and Quincy Railroad Co.* v. *Chamberlain*, 84 Ill. 333.

The sheriff's deed must be made to the purchaser, or to his assignee. If the certificate of purchase is not assigned, and the deed is made to a different person, it is void. *Carpenter* v. *Shaffey et al.* 71 Ill. 427. In this case, at the date of the purchase, there was no law authorizing the assignment of certificates of purchase.

A purchaser of a tract of land under execution acquires the entire estate which the defendant had in the premises. 4 Scam. 527; *Ferguson* v. *Miles*, 3 Gilm. 358.

The law is well settled, that for the advancement of right and the furtherance of justice, and where the rights of third persons are not to be injuriously affected, a deed will have relation to and take effect from the time the grantee was entitled to receive it. *Ferguson* v. *Miles,* 3 Gilm. 358; *Stephens* v. *Illinois Mutual Fire Ins. Co.* 43 Ill. 327.

Apart from the effect to be given to plaintiff's chain of title, he has been in the open and peaceable possession of the land from 1851, and that is evidence of a fee and a title against all the world, except he that hath a good title. Here, the defendant does not attempt to show any title at all. *Freeman* v. *Beall,* 14 Ill. 244; *Barger* v. *Hobbs,* 67 id. 592, and authorities there referred to; *Hubbard et al.* v. *Kiddo,* 87 id. 578; *City of Morrison* v. *Hinkson,* id. 587.

The appellant can not deny its possession, because it has not put that question in issue by its plea. Rev. Stat. 1874, secs. 21, 22, p. 445, title "Ejectment."

Even if the land sought to be recovered is a public road, as alleged by appellant, it has shown no right to occupy the same with its railroad track, or to obstruct the same.

And if it had that leave given by the county or road commissioners, it can not avail in this suit. The public has only an easement in the public roads. It has not the fee, and the plaintiff, owning the fee, can maintain trespass or any other form of action necessary or proper to protect his rights thereto. *Reed* v. *Seid,* 19 Cowen, 182; *Daniel* v. *Bernard,* 15 Shepley, 554; *Peneroy* v. *Mills,* 3 Verm. 519; *Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley et al.* 67 Ill. 439.

Ejectment will lie against a railroad company for land taken without legal consideration. *Smith* v. *Chicago, Alton and St. Louis Railroad Co.* 67 Ill. 191.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an ejectment suit, brought on November 6, 1874, against the Madison County Railroad Company and the Edwardsville Railroad Company, for the recovery of the posses-

sion of a part of the north-west quarter and of the west half of the north-east quarter of section 34, in township 5 north, range 9 west of the 3d principal meridian, lying in the southern end of said tracts, extending east and west across the same, and in width four rods, and a portion extending from said strip and running in a northwesterly direction therefrom until it intersects the eastern line of the Terre Haute, Alton and St. Louis railroad, in width four rods more or less. The Madison County Railroad Company was not served, and upon trial by the court without a jury, of the issue, upon a plea of not guilty filed by the Edwardsville Railroad Company, the court found for the plaintiff and gave judgment accordingly, from which the company last named appealed.

It is objected that the proof failed to show plaintiff to be owner in fee of the premises, as claimed in the declaration.

As respects the north-west quarter, the chain of title exhibited by the plaintiff was a patent from the United States for that tract to Thomas P. Clark, a sheriff's deed of Clark's interest in the land to Merrill, Tuthill and Caswell, upon an execution sale thereof to them, under a judgment in their favor against Clark, and conveyances to plaintiff of the title thus acquired by Merrill, Tuthill and Caswell.

The only defect which there is claimed to be in this, as showing apparent title in the plaintiff, is in the respect of the one-third interest of Merrill, who conveyed to Caswell and Tuthill, his co-purchasers, and the interest of the two latter passed subsequently to the plaintiff.

The sale made to Merrill, Tuthill and Caswell under their execution against Clark, was on July 10, 1838, and a certificate of sale then issued to them. On June 2, 1843, Merrill executed a quitclaim deed to Caswell and Tuthill whereby he bargained, sold and quitclaimed to them all his right, title and interest in the land, as well in possession as in expectancy. The deed from the sheriff to Merrill, Caswell and Tuthill under the execution sale, was not made until on January 1, 1844, and it is claimed by defendant that Merrill's quitclaim deed

to Caswell and Tuthill made on June 2, 1843, was inoperative to convey Merrill's title, as Merrill, Caswell and Tuthill did not then have title to the land, and not until January 1, 1844, when the sheriff's deed was made to them.   It is said the subsequently acquired title did not inure under the statute because the quitclaim deed executed by Merrill did not purport to convey an estate in fee simple absolute.   But independently of the statute, we consider that the sheriff's deed when made, conveying the legal title, related back to and beyond the time of the execution of Merrill's deed, and made the latter operative to pass the title of Merrill, with like effect as if the sheriff's deed had been made before that time.   At the time of the making of Merrill's deed to Caswell and Tuthill, the latter were entitled to the sheriff's deed.   The law is well settled that for the advancement of a right and the furtherance of justice, and where the rights of third persons are not to be injuriously affected, a deed will have relation back to, and take effect from the time the grantee was entitled to receive it.   *Ferguson* v. *Miles,* 3 Gilm. 358; *Welch* v. *Dutton,* 79 Ill. 465; *Chicago, Burlington and Quincy Railroad Company* v. *Chamberlain,* 84 id. 333.

The judgment of Merrill, Caswell and Tuthill against Thos. P. Clark was rendered February 14, 1838.   The defendant, for the purpose of showing title out of Thomas P. Clark at the time of the recovery of the judgment, introduced in evidence a deed from Thomas P. Clark to T. C. Clark, dated July 15, 1837, and recorded November 9, 1837, conveying to the latter the said north-west quarter of section 34. But this deed to T. C. Clark conveyed to him only an estate for life, as the deed contained no words of inheritance, but was to T. C. Clark simply, and the word "heirs" being necessary to create a fee as the law then was at the date of the deed; the statute dispensing with the use in a deed of words theretofore necessary to transfer an estate of inheritance, having been passed afterward and approved July 21, 1837.   Only the reversionary estate of Thomas P. Clark was levied upon and sold under the execution, but the court was warranted in

finding, from the evidence in the case, the death of T. C. Clark, and that his life estate had fallen in.

No exception appears to be taken to the title as shown to the other tract, the west half of the north-east quarter of section 34. But it is insisted that no part of the railroad is upon that tract, according to the testimony; and it is insisted further, that admitting a portion of the main track of the railroad to be upon the north-west quarter section, there is an entire failure in the evidence to show how much, or what width of the land is occupied by the road, and that there was no warrant for finding, as the court did, that it was a strip four rods in width, etc.

We think this objection is precluded by the plea in the case of not guilty alone. By section 21 of the Ejectment act, Rev. Stat. 1874, p. 445, "The plea of not guilty shall not put in issue the possession of the premises by the defendant or that he claims title or interest in the premises."

Section 22 is: "It shall not be necessary for the plaintiff to prove that the defendant was in possession of the premises or claims title or interest therein at the time of bringing suit, or that the plaintiff demanded the possession of the premises, unless the defendant shall deny that he was in possession, or claims title or interest therein, or that demand of possession was made, by special plea verified by affidavit."

There being no such special plea in this case, we are of opinion the possession of the premises as they were described and defined in the declaration was, under the statute, admitted; and that under the issue upon the plea of not guilty, it was only necessary for the plaintiff to prove title in himself at the time of the commencement of the suit, of the premises described in the declaration.

A further objection is, that the track of the railroad across this section 34 is laid out and built on a county road. This appears to be established by the evidence.

A road plat from the county clerk's office of Madison county was introduced in evidence for the purpose of showing that

the track of defendant's railroad across this land is situated on a county road. Such plat was made under an act in relation to the State and county roads of Madison county, in force March 25, 1869. The act recites that the county court of Madison county had theretofore employed Don Alonzo Spaulding (a competent surveyor) to re-survey the State and county roads in that county, ascertain where the same now are as platted, used and traveled by the public and worked by the county authorities, and that said Spaulding was then engaged in said work and in making accurate plats of the roads, conforming as near as possible to the plats, and showing where said roads are actually located, and then enacts, that the county court of Madison county are authorized to complete the work then being carried on by Spaulding, and that when completed the county court should enter on their records that they had examined the plats and had approved the same. And that when such entry should be made of record, the said plats should be held and esteemed in all courts and places as *prima facie* evidence of the legal location of the roads represented thereon.

An order of the county court of Madison county of the date of September 14, 1871, was introduced in evidence declaring that Spaulding had surveyed and platted the public roads of the county as required by the act, that the court had examined the plats, and ordering that the survey and platting of said roads as made by Spaulding be accepted and approved.

It was in evidence by the clerk of that court that the plat introduced was from his office and one which was referred to in the order.

There is no denial of the existence of the county road, or of the testimony that the railroad track across the land is for the most part on this county road. There is no evidence in that direction except that given by the plaintiff, and all that he states is, "that the county road was laid out without his consent, and under his protest; that he never received any pay for the land taken by the road; that he at divers times made objections to the laying out of the road." Objection to

the laying out of the road does not militate against its legal establishment. If defendant was paid no damages, it may be that he was never entitled to any. The county road is a public road of record, used and traveled by the public, and plaintiff recognized it as a public road from having, ever since it was laid out, fenced up his land, leaving room for the road. From the evidence it must be taken to be a legally located road.

The track of the defendant's railroad being for the greater part of its length upon this county road, we are of opinion the plaintiff is not entitled to recover possession of such part of it from the defendant. The public authorities who have the superintendence and control of the public roads may permit and authorize travel over them by the means of a railroad, and it may be presumed that the defendant was using the county road by the consent of the public authorities.

Such use and possession of a public road is a matter between the road authorities and the railroad company, and the right, as we conceive, can not be questioned by a private individual, in such a suit as this.

Upon this last ground of objection, that the possession and occupancy of the defendant is in its principal extent that of a public county road, the judgment is reversed and the cause remanded.

*Judgment reversed.*